UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ELITE SPECIALTY WELDING, LLC             CIVIL ACTION NO. _____

VERSUS

PACKAGING CORPORATION OF AMERICA,
INC., ET AL.

## NOTICE OF REMOVAL

Packaging Corporation of America, Inc. ("PCA") files this Notice of Removal of a pending state proceeding from the 36th Judicial District Court, Parish of Beauregard, Louisiana. The basis for removal is improper joinder and diversity of citizenship. 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, PCA states as follows:

### I. Background

1. On February 12, 2018, Plaintiff Elite Specialty Welding, LLC filed an Original Petition in the 36th Judicial District Court, Beauregard Parish, State of Louisiana in a case styled: *Elite Specialty Welding, LLC v. Packaging Corporation of America, Eric Snelgrove, Joseph Al Flores, and David Martinez,* Docket Number C-2018-0141 (the "state proceeding").

2. On June 4, 2018, Plaintiff served Defendant PCA.

3. In the state proceeding, Plaintiff alleges that PCA and its "mill managers," Eric Snelgrove, Joseph Al Flores, and David Martinez "failed to provide a safe place for Elite's employers to work and placed Elite's employees in danger by failing to ensure that the area in which Elite's employees were directed to work was safe from all hazards and by failing to warn Elite's employees that PCA and its managers had failed to remove all flammable substances from the surrounding areas." Plaintiff seeks damages for "financial losses including but not limited to: workers' compensation and other benefits paid to or on behalf of the three deceased Elite employees, workers'

compensation and other benefits paid to and/or on behalf of the seven injured Elite employees; property damage; investigation costs; loss profits; damages to Elite's business reputation; and costs associated with other litigation arising out of the explosion." (Petition for Damages ("Pet.") ¶ 9).

4. Plaintiff's Original Petition expressly provides that plaintiff seeks damages in excess of the jurisdictional threshold. (Pet. ¶10).

## II. Grounds for Removal

5. This Court has original jurisdiction over the state proceeding. The amount in controversy exceeds $75,000.00, exclusive of interests and costs. There is complete diversity of citizenship between the Plaintiff and PCA, which are the only two properly pleaded parties. And, as set forth below, Defendants Eric Snelgrove, Joseph Al Flores, and David Martinez cannot destroy diversity jurisdiction because they have been improperly joined. 28 U.S.C. § 1332(a)(1); §§ 1441(a)-(b); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

### A. Complete Diversity of Citizenship Exists Between Plaintiff and PCA.

6. Plaintiff is a Delaware limited liability company. (Pet. ¶ 1).

7. Plaintiff is an LLC and did not plead its individual members' citizenship, and PCA has diligently inquired about Plaintiff's members to determine whether Plaintiff and the properly named defendant are diverse. Upon information and belief, Plaintiff has three members: (1) Bradley Calcote, a citizen of Louisiana; (2) Neil Moyer, a citizen of Texas; and (3) SOCON Investments Inc., an Indiana Corporation. Plaintiff's Counsel previously identified SOCON Investments LLC as a member of Elite Specialty Welding, LLC, and then provided ambiguous information as to whether SOCON Investments was a corporation or a limited liability company. (Exh. 2-5). However, based on a recent email correspondence from Plaintiff's Counsel dated September 17, 2018, PCA believes

SOCON Investments is a corporation organized under the laws of Indiana with its principal place of business in Indiana. (Exh. 5).

8. In the event this Court determines that additional information is required concerning Plaintiff's citizenship, PCA requests leave to conduct limited jurisdictional discovery on this issue. *In re MPF Holdings* US LLC, 701 F.3d 449, 457 (5th Cir. 2012).

9. PCA is and was at the time Plaintiff commenced the state proceeding, a citizen of Delaware and Illinois. PCA is a corporation organized under the laws of Delaware with its principal place of business located in Lake Forest, Illinois, from which its high-level officers direct, control, and coordinate the corporation's activities. 28 U.S.C. § 1332(c)(1).

10. Removal is timely. PCA files this timely notice of removal within thirty days of their receipt of Plaintiff's Counsel's email correspondence dated September 17, 2018 in accordance with 28 U.S.C. § 1446(b). See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable." Opposing Counsel's email correspondence dated September 17, 2018 constitutes "other paper" from which PCA was first able to ascertain Plaintiff's citizenship.

**B. The Amount-in-Controversy Requirement is Satisfied.**

11. Louisiana law precludes a party from specifying a monetary amount of damages. La. Code Civ. Proc. art. 893. However, Plaintiff seeks damages for "financial losses including but not limited to: workers' compensation and other benefits paid to or on behalf of the three deceased Elite employees, workers' compensation and other benefits paid to and/or on behalf of the seven injured Elite employees; property damage; investigation costs; loss profits; damages to Elite's business reputation; and costs associated with other litigation arising out of the explosion." (Pet. ¶ 9). This

amount clearly exceeds the $75,000 jurisdictional threshold. *See, e.g.,* La. Rev. Stat. 23:1231, *et seq.,* which provides the different monetary allocations for death benefits under the Louisiana Workers' Compensation Act. Therefore, it is clear from the face of the Petition that the "matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs." 28 U.S.C. § 1332.

### C. The Citizenship of Eric Snelgrove, Joseph Al Flores, and David Martinez Cannot Defeat Diversity Jurisdiction Because The Individual Named Defendants Have Been Improperly Joined.

12. The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant. Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).

13. Plaintiff's petition attempts to state a tort claim to recover consequential damages it alleges it incurred as a result of an explosion at PCA's Deridder mill.

14. Plaintiff cannot establish a cause of action against Mr. Snelgrove, Mr. Flores, or Mr. Martinez for individual liability for the alleged consequential damages because Plaintiff can identify no factual allegations to establish that Mr. Snelgrove, Mr. Flores, or Mr. Martinez owed a "personal duty towards [Plaintiff Elite Specialty Welding], breach of which specifically has caused [Plaintiff] damages." *Canter v. Koehring Company,* 283 So.2d 716, 721 (La.1973).

15. The Louisiana Supreme Court has repeatedly insisted that liability cannot be imposed upon a managerial employee simply because a plaintiff has been injured in the workplace, nor can personal liability be imposed upon the officer, agent, or employee "simply because of his general

administrative responsibility for performance of some function of the employment." *See Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973); *Pisciotta v. Allstate Ins. Co.*, 385 So. 2d 1176 (La. 1980); *Lytell v. Hushfield*, 408 So. 2d 1344 (La. 1982); *Brown v. White*, 430 So. 2d 16 (La. 1982); *Esco v. Smith*, 468 So. 2d 1169 (La. 1985).

16. To determine the personal liability of an employee to a third-party, courts use the *Canter v. Koehring Company*, 283 So.2d 716, 721 (La.1973) criteria:

    a. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought;

    b. This duty is delegated by the principal or employer to the defendant;

    c. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances- whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty;

    d. ***With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.*** If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

    (Emphasis added).

17. Thus, in order for a person to be considered an executive officer who is personally liable for an injury within the criteria set forth by *Canter*, "that person must have some personal contact with and responsibility toward the injured employee." *Esco*, 468 So. 2d at 1175. Courts have further explained that "the correct test to be applied to determine whether the executive officers in [that] case are liable

for [plaintiff's] injuries [is] whether the executive officer in question had some direct duty to provide [plaintiff] a safe place to work, including some control over purchase and availability of equipment and supplies." *Hoerner v. ANCO Insulations, Inc.*, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So. 2d 45, 63–64.

18. Plaintiff's allegations against Mr. Snelgrove, Mr. Flores, and Mr. Martinez are based solely on their general administrative duties as PCA's alleged "mill managers." (Pet. ¶7-8). Plaintiff pleads absolutely no facts to show any act or omission committed by Mr. Snelgrove, Mr. Flores, or Mr. Martinez caused the alleged damages of Elite Specialty Welding. Plaintiff also fails to plead any personal responsibility or knowledge that Mr. Snelgrove, Mr. Flores, or Mr. Martinez possessed relative to any work being performed on the tank that was involved in the incident. Plaintiff further pleads no personal contact it had with Mr. Snelgrove, Mr. Flores, or Mr. Martinez, in any way, shape, or form. Neither does Plaintiff allege that either Mr. Snelgrove, Mr. Flores, or Mr. Martinez were even on site the day of the incident. In short, Mr. Snelgrove, Mr. Flores, and Mr. Martinez are being sued for their job title -nothing more.

19. The only allegations directed toward the Individual Defendants are undifferentiated conclusory allegations made against "PCA acting independently and through its managers Snelgrove, Flores, and Martinez in the following non-exclusive respects:
    a. Failing to provide Elite with a safe place to work;
    b. Failing to warn Elite of all recognizable hazards;
    c. Failing to evaluate the majority of the non-condensable gas system at the mill, including the foul condensate tank;
    d. Failing to conduct a process hazard analysis to identify, evaluate and control process safety hazards;

  e. Failing to empty the foul condensate tank prior to directing Elite to begin operations thereby placing Elite's employees in clear and present dangers."

20. Plaintiff has not pled- and cannot plead- the necessary elements of a claim against Mr. Snelgrove, Mr. Flores, or Mr. Martinez. Rather, Plaintiff seeks to impose personal liability against them based solely on their job titles. Louisiana law does not allow such an overreach. Accordingly, this Court should dismiss the claims against Mr. Snelgrove, Mr. Flores, and Mr. Martinez on the basis of improper joinder.

**D. The Other Prerequisites For Removal Have Been Satisfied**

21. This Notice of Removal is timely because it was filed not more than 30 days after PCA received "other paper" in which Plaintiff's Counsel referred to shareholders - which clearly indicates SOCON Investments (a member of Elite Specialty Welding, LLC) is a corporation rather than an LLC as previously indicated - from which it was first ascertainable the case is removable. 28 U.S.C. § 1446(b). The case is being removed less than one year from February 12, 2018, the date the action was commenced in state court.

22. "Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' the case is or has become removable. The Fifth Circuit has indicated the 'other paper' conversion requires a *voluntary act by the plaintiff. S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (internal citations omitted) (emphasis in original). The "other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce 'protective' removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence

through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants." *Bosky v. Kroger Texas*, LP, 288 F.3d 208, 211 (5th Cir. 2002).

23. Plaintiff's Original Petition asserts it is a Delaware limited liability company. PCA was served on June 4, 2018 and then requested information from Plaintiff regarding the citizenship of Plaintiff's individual members for purposes of determining whether diversity jurisdiction applies. On June 22, 2018, PCA sent a letter to Plaintiff's Counsel which sought to obtain the citizenship of Plaintiff's members. (Exh. 2). On July 20, 2018, Plaintiff's Counsel responded by e-mail and identified Plaintiff's members as: SOCON Investments, LLC, an Indiana S Corporation with its principal place of business in Indiana, Bradley Calcote, a Louisiana citizen, and Neil Moyer, a Texas citizen. (Exh. 3). The July 20, 2018 e-mail did not put PCA on notice that the case was removal because it was ambiguous regarding the classification of SOCON Investments. As SOCON Investments was identified as an LLC, PCA requested identification of the members of SOCON Investments, LLC. (Exh. 4). On September 17, 2018, Plaintiff's Counsel responded in writing, identifying the "citizenship" of SOCON Investments' "*shareholders.*" (Exh. 5).

24. The response received from Plaintiff's Counsel on September 17, 2018 which references "shareholders" makes it unequivocally clear that SOCON Investments is a corporation rather than a limited liability company. Accordingly, PCA now believes it is unequivocally clear and certain that SOCON Investments is a corporation organized under the laws of Indiana with its principal place of business in Indiana rather than an LLC whose individual members' citizenship could have affected removal.

25. Plaintiff's Counsel's response is a voluntary act by Plaintiff that constitutes the "other paper" required by 28 U.S.C. § 1446(b). *See, Credeur v. York Claim Serv.,* 2013 U.S. Dist. LEXIS 158588 (W.D. La. 11/4/2013) ("There is no hard and fast rule that an e-mail cannot be 'other paper' if it satisfies the requirements used to determine whether a letter from counsel is 'other paper.'"). Accordingly, PCA had 30 days from their receipt of such "other paper" to file their notice of removal – bringing the deadline to remove based on Plaintiff's Counsel's response to October 17, 2018.

26. The 36th Judicial Court of Beauregard Parish, Louisiana is located within the Western District of Louisiana, Lake Charles Division. 28 U.S.C. §§ 1441(a); 98 (c).

27. The state proceeding may be removed to a federal court in the Western District of Louisiana, Lake Charles Division, because complete diversity of citizenship exists between the parties. 28 U.S.C. § 1441(b)(2). Upon information and belief, Plaintiff is a citizen of Texas, Louisiana, and Indiana. PCA, the only properly joined defendant, is a citizen of Delaware and Illinois.

28. The consent of Mr. Snelgrove, Mr. Flores, and Mr. Martinez is not required because they are improperly joined defendants. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (holding that applying the requirement that co-defendants consent to removal in cases alleging improper joinder "would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."), *cert. denied,* 510 U.S. 828 (1993).

### III. Additional Procedural Matters

29. A copy of this Notice of Removal is being served on Plaintiff's attorney of record in the state proceeding and is being filed with the Clerk of the Parish of Beauregard. 28 U.S.C. § 1446(d).

30. As required by Title 28, United States Code, Section 1446(a), PCA has attached the following:

    a. An index of documents being filed (Exhibit 1);

    b. All process served in the case (Exhibit 6);

    c. All pleadings asserting causes of action in the state proceeding (Exhibit 7);

    d. The state court docket sheet for the state proceeding (Exhibit 8); and

    e. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit 9).

31. By filing this Notice of Removal, PCA does not waive, and hereby reserves all defenses to Plaintiff's Petition, including but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

## IV. Conclusion

PCA respectfully requests the Court enter such further orders and grant such further relief as may be necessary to secure the removal of the state proceeding from the 36th Judicial District Court of Beauregard, Louisiana to the United States District Court for the Western District of Louisiana, Lake Charles Division.

WHEREFORE, defendant Packaging Corporation of America, Inc. prays this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court will enter such orders as may be proper in the premises.

Respectfully submitted,

_/s/ Jeffrey A. Riggs_
JEFFREY A. RIGGS (#17770)
JENNIFER E. MICHEL (#18114)
ERICKA L. RICHOUX (#37281)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
100 East Vermilion St., Ste. 300
Lafayette, LA 70501
Telephone: 337.326.5777
Facsimile: 337.504.3341
Counsel for Packaging Corporation of America

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system this 26th day of September, 2018.

_/s/ Jeffrey A. Riggs_
**JEFFREY A. RIGGS**