UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ELITE SPECIALTY WELDING, LLC        CIVIL ACTION NO. 18-CV-01269

VERSUS        MAGISTRATE JUDGE KAY

PACKAGING CORPORATION OF AMERICA,        JUDGE SUMMERHAYS
INC, ET AL.

## DEFENDANT PACKAGING CORPORATION OF AMERICA'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant Packaging Corporation of America ("PCA"), which hereby responds to Elite Specialty Welding, LLC's ("Plaintiff") Petition for Damages, and avers:

## FIRST DEFENSE

Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted.

*AND NOW* responding to the specific enumerated allegations of Plaintiff's Petition for Damages, PCA further avers:

1.

The material allegations contained in Paragraph 1 of Plaintiff's Petition for Damages are admitted.

2.

Except to admit PCA owns and operates an integrated containerboard mill in DeRidder, Louisiana that uses various processes to manufacture different grades of linerboard and corrugating medium, the remaining material allegations contained in Paragraph 2 of Plaintiff's Petition for Damages are denied.

3.

Except to admit Elite Specialty Welding, LLC ("Elite") has provided welding and other services to PCA from time to time, the remaining material allegations contained in Paragraph 3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

Except to admit PCA contracted with Elite to provide maintenance assistance to repair piping to the clean condensate tank during the scheduled 2017 annual outage, which assistance included welding, the remaining material allegations contained in Paragraph 4 of Plaintiff's Petition for Damages are denied.

5.

Except to admit on February 8, 2017, employees of Elite had been welding at or near the foul condensate tank and an explosion of the foul condensate tank occurred causing it to rise and travel a significant distance, the remaining material allegations contained in Paragraph 5 of Plaintiff's Petition for Damages are denied as written.

6.

Except to admit three Elite employees were killed as a result of the explosion, the remaining allegations contained in Paragraph 6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Petition for Damages are denied.

8.

The allegations contained in Paragraph 8 of Plaintiff's Petition for Damages are denied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Petition for Damages are denied.

10.

Except to admit Plaintiff requests a trial by jury, the remaining allegations contained in Paragraph 10 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

*AND NOW*, in further responding to Plaintiff's Petition for Damages, PCA avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Boise Packaging & Newsprint, LLC ("Boise") and Plaintiff executed a Contractor Services Agreement ("Services Agreement" attached as Exhibit A) which contract has been assigned to PCA, and which contract is the best evidence of its owns contents, and pursuant to Section 12.0, Plaintiff agreed to "indemnify, save and hold Boise [PCA] harmless from and against any and all loss, damage, expense (including attorney fees), responsibility, liability for injury or death of persons, and or loss, damage to, or destruction of property belonging to Boise [PCA] or others, or for claims therefor, whether or not Boise [PCA] has suffered actual loss, damage, or expense ("Loss"), where such Loss has resulted from, pertains to, or has arisen out of, Contractor's performance of the work," and thus cannot recover herein.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to Section 17.0 of the Services Agreement, Plaintiff's injured employees were designated as statutory employees of PCA and accordingly, their damages would be limited to Louisiana Workers Compensation benefits, and the Services Agreement provides Plaintiff waived any right of

indemnity or subrogation from or against Boise ["PCA"] created by Louisiana's Workers Compensation laws.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to Section 12.0 of the Services Agreement, Plaintiff waived all claims for "incidental, consequential and punitive damages, including but not limited to loss of profits, loss of production, or loss of use," and thus cannot recover herein.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Section 11.4 of the Services Agreement, Plaintiff has waived "any and all rights it might have against Boise [PCA] to recover all or part of any loss or damage insured or insurable by the insurance policies carried or required to be carried by [Elite] pursuant to the Contract Documents," and therefore cannot recover any alleged property damages.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Section 11.0 of the Services Agreement, Plaintiff agreed to purchase and maintain insurance which was to "be primary with no right of contribution," and wherein Boise [PCA] was to be named an additional insured; to the extent damages have been paid by the required insurance and/or PCA is a named or omnibus additional insured, such claims for damages have been extinguished or otherwise are not recoverable from PCA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney fees not expressly provided by contract or statute.

## SEVENTH AFFIRMATIVE DEFENSE

In the alternative, while at all times denying any liability, in the event liability is found on the part of PCA or any person or entity for whom it may be responsible, PCA is entitled to an offset or credit for any payments made to Plaintiff, or made to others on Plaintiff's behalf by any other person or

entity, including but not limited to any insurer, as a result of the alleged damages made subject of this dispute. PCA therefore asserts the affirmative defenses of offset, set off, unjust enrichment, payment, partial payment, compromise, accord and satisfaction, justification, excuse and avoidance as may be applicable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were the result of Plaintiff's own negligence and/or other persons for whom Plaintiff is/was responsible, and Plaintiff may not recover any damages or losses from PCA.

## NINTH AFFIRMATIVE DEFENSE

PCA denies that it, or anyone for whose actions it may be responsible, in any way caused or contributed to the damages alleged in Plaintiff's Petition for Damages, but on the contrary, avers the damages claimed were caused by the fault, negligence or want of care of persons for whose actions PCA is not legally responsible, which fault, negligence or want of care is pled in bar or diminution of any recovery by Plaintiff herein against PCA.

## TENTH AFFIRMATIVE DEFENSE

PCA asserts the defenses of proportionate responsibility, contributory and comparative fault, and/or assumption of the risk as barring or reducing Plaintiff's recovery and/or PCA's liability.

## ELEVENTH AFFIRMATIVE DEFENSE

PCA denies that it owed any duty to Plaintiff. Alternatively, to the extent PCA may have owed a duty to Plaintiff (which is denied), PCA did not breach such a duty.

## TWELFTH AFFIRMATIVE DEFENSE

Any losses or damages which the Plaintiff may suffer or has suffered are the result of independent, superseding or intervening acts by others. Such causes bar or, in the alternative, reduce any recovery to which Plaintiff might otherwise be entitled to against PCA.

### THIRTEENTH AFFIRMATIVE DEFENSE

PCA avers that it has no knowledge of any alleged unsafe condition.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims of damages, if any, were the result of an unavoidable accident.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event, and solely in the event, liability is found to exist on the part of PCA, or any person or entity for whom PCA may be responsible, PCA avers Plaintiff failed to fully and properly mitigate its damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

PCA contends that, at all times pertinent hereto, it and its employees conducted themselves appropriately and in accordance with applicable laws, ordinances, and regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Neither PCA nor any of its employees were negligent, grossly negligent, or guilty of any intentional wrongdoing with regard to Plaintiff's employees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they arose from acts or conditions constituting appropriate business operations and conforming to the state of the art and/or prevailing customs, standards, or industry practices at the relevant time.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent the remedy or relief sought by Plaintiff invokes the exclusive and/or primary jurisdiction of any local, state, or federal governmental agency, PCA raises the affirmative defense of lack of subject matter jurisdiction, failure to recognize primary jurisdiction of a regulatory agency, and failure to exhaust administrative remedies.

PCA reserves the right to assert additional affirmative defenses, otherwise supplement and amend this answer to set forth specific facts upon which its affirmative defenses and answers are based, and to file additional answers, third-party petitions, counter-claims or cross-claims as they become evident during the course of this litigation.

        **WHEREFORE**, PCA respectfully prays:

      a.  Plaintiff takes nothing in this action;

      b.  A judgment of dismissal with prejudice be entered in favor of Packaging Corporation of America;

      c.  Packaging Corporation of America be awarded costs; and

      d.  Packaging Corporation of America be awarded all other relief as may be just and proper under the premises.

                  Respectfully submitted,

          BY: ____/s/ Jeffrey A. Riggs_____
                 JEFFREY A. RIGGS (#17770)
                 JENNIFER E. MICHEL (#18114)
                 ERICKA L. RICHOUX (#37281)
                 LEWIS BRISBOIS BISGAARD & SMITH LLP
                 100 East Vermilion Street, Suite 300
                 Lafayette, Louisiana 70501
                 Telephone: 337-326-5777
                 Facsimile: 337-504-3341
                 *Counsel for Defendant, Packaging Corporation of America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing *Defendant Packaging Corporation of America's Original Answer and Affirmative Defenses* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system this 3rd day of October, 2018.

_____/s/ Jeffrey A. Riggs_____
**JEFFREY A. RIGGS**