UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELITE SPECIALTY WELDING, LLC** | : | **CIVIL ACTION NO. 18-cv-1269** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **PACKAGING CORPORATION OF AMERICA, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Elite Specialty Welding, LLC ("Elite.") Doc. 6. Defendant Packaging Corporation of America, Inc. ("PCA") opposes remand. Doc. 11. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and that all claims against defendants Eric Snelgrove, Joseph Flores,[1] and David Martinez be **DISMISSED WITHOUT PREJUDICE.**

I.
BACKGROUND

On February 8, 2017, Elite's employees were performing their duties as part of a welding crew at a paper mill owned by PCA in DeRidder, Louisiana, when a foul condensate tank exploded at the facility. Doc. 1, att. 11, p. 4. One year later, Elite, a citizen of Louisiana, Texas, and Indiana,[2]

---

[1] There are inconsistencies with the spelling of this defendant's name. The original petition names "Joseph Al Flores;" however, in a subsequent declaration provided by PCA the defendant has signed his name as "Joseph A. Flores." Doc. 11, att. 3.

[2] Elite is a limited liability company comprised of members who are citizens of Louisiana, Texas, and Indiana. Doc. 1, pp. 2-3.

filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana. *Id.* at 3-5.  It named as defendants PCA, a citizen of Delaware and Illinois,[3] and three of its mill managers — Eric Snelgrove, Joseph Flores, and David Martinez (hereafter collectively referred to as "the mill managers") — all of whom were citizens of Louisiana. Doc. 1, att. 11, p. 3.

On September 26, 2018, PCA removed the action to this court pursuant to 28 U.S.C. § 1332.  Doc. 1. It asserts complete diversity exists and alleges that the citizenship of the mill managers should be ignored because Elite has failed to state a valid cause of action against them. Doc. 1, pp. 4-7. In its Notice of Removal PCA notes that it was served with the original petition on June 4, 2018.  Doc. 1, p. 1. It further notes, however, that the citizenship of plaintiff LLC was not made clear by the original complaint and that thereafter counsel for plaintiff "provided ambiguous information" as to whether one of its members "was a corporation or a limited liability company." *Id.* at 2.  PCA states in its notice that the citizenship of plaintiff was ultimately clarified by correspondence dated September 17, 2018.  *Id.*

Elite filed the instant motion for remand on October 26, 2018.  It asserts that it has stated a valid cause of action against the mill managers. Doc. 6, att. 1, pp. 4-7. Alternatively, Elite asserts PCA's removal was untimely because diversity was apparent on July 10, 2018.  *Id.* at 8. PCA opposes remand. Doc. 11. It maintains that the mill managers are improperly joined [*id*. at 17], and that the removal was timely because it was filed within thirty days of PCA's receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3). *See Id.* at 24-27.

---

[3] PCA is a corporation organized under the laws of Delaware with its principal place of business located in Lake Forest, Illinois, from which its high-level officers direct, control, and coordinate the corporation's activities. Doc. 1, p. 3.

## II.
### LAW & ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). This diversity provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996). This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993).

### A. Improper Joinder of the Mill Managers

PCA argues diversity jurisdiction exists because the mill managers were improperly joined in the suit. Doc. 1

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir.2003). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003)). Only the latter method is relevant here, as no fraud is alleged. Thus, the relevant

question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

In order to assess a plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Id*. This inquiry "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) (citations omitted). "Ordinarily if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id*. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

Under Louisiana tort law, an employee is personally liable to a third person if the employee breached a personal duty owed to that person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), to determine if there is a basis for an employee's personal liability. *Id.* Under *Canter*, personal liability may be imposed on an employee-defendant only if:

> (1) the employee-defendant's employer owed a duty of care to the plaintiff, a breach of which caused plaintiff's injuries;
> (2) the employer's duty to the plaintiff was delegated to the particular employee-defendant, and;

>    (3) a breach of the duty of care owed to plaintiff was caused by the employee-defendant's own personal fault.

*See Canter*, 283 So.2d at 721 (*superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.*, 740 So.2d 1262, 1265 (La. 1999)). Notably, personal liability cannot be imposed on an employee based on general administrative responsibilities; rather the employee must have a personal duty to the plaintiff that was not properly delegated to another employee. *Id.*

Elite alleges that it suffered damages based on defendants' negligence. Doc. 1, att. 11, p. 4. In relation to the mill managers Elite asserts they "failed to provide a safe place for Elite's employees to work," "fail[ed] to ensure that the area in which Elite's employees were directed to work was safe from all hazards," and "fail[ed] to warn Elite's employees that PCA and its managers had failed to remove all flammable substances from the surrounding area." Doc. 1, att. 11, p. 4.[4]

PCA asserts these allegations against the mill managers are impermissibly based solely on their general administrative duties as PCA managers. Doc. 11, p. 10-13. By way of support, PCA incorporates declarations made by each of the mill managers in which each denies having direct or personal oversight over Elite's employees. *See* Doc. 11, att. 1, ¶ 11-13; att. 2, ¶¶ 13-15; att. 3, ¶ 6, 10, 12. Because the existence of valid claims against the mill managers depend on certain discrete and undisputed facts included in the parties' declarations but omitted from the complaint, we exercise our discretion to pierce the pleadings in this matter.

Examining the allegations put forth in the complaint, and declarations of the mill managers, we are persuaded that the mill managers are improperly joined in this suit. Each manager has

---

[4] In the subsequent paragraph Elite puts forth allegations against PCA "independently and through its managers"— including allegations that PCA failed: "to evaluate the majority of the non-condensable gas system at the mill," "to conduct a process hazard analysis" and, "to empty the foul condensate tank." Doc. 1, att. 11, p. 4. To the extent these allegations are asserted against the mill managers we have considered them herein.

declared that he was never tasked with individual management of projects or tasks, and that he served only in a general administrative capacity. Doc. 11, att. 1-3. Elite provides no evidence, in the form of affidavit or otherwise, to contradict these statements. Accordingly, it has failed to establish a plausible claim that any of the mill managers were personally liable to Elite and all three defendants should be dismissed as improperly joined.

### B. Timeliness of Removal

Elite argues that, even if diversity exists in this case, the case should be remanded because PCA's removal was untimely. Doc. 6, att. 1, p. 8.

The procedure for removal is governed by 28 U.S.C. § 1446. Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief. . . ." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Fifth Circuit has indicated that "the defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Rather the "other paper" conversion requires a voluntary act by the plaintiff. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961). This "other paper" must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Chapman*, 969 F.2d at 163).

PCA was served with the original petition on June 4, 2018. Doc. 1, p. 1. In this complaint Elite identifies itself as "a Delaware limited liability company" but the citizenship of its LLC

members is not apparent. Doc. 1, att. 11, p. 3. On June 22, 2018, PCA asked Elite for information identifying the citizenship of each of Elite's members. Doc. 11, att. 4. In its response dated July 10, 2018, Elite inadvertently identified one of its members, as "SOCON Investments, LLC, an Indiana S Corporation." Doc. 11, att. 5, pp. 1-2. On July 16, 2018, PCA pointed out that Elite had designated SOCON as an LLC and sought further clarification as to its citizenship. Doc. 1, att. 5, p. 1. On August 30, 2018, PCA again requested clarification relating to SOCON, specifically it requested "the names and citizenships of each of SOCON's members." Doc. 11, att. 7, p. 2. In its reply on September 17, 2018, Elite provided information regarding SOCON's "individual shareholders." Doc. 11, att. 8, p. 1.

Elite argues diversity was apparent on July 10, 2018 because Elite's reference to SOCON as an "Indiana S Corporation," made PCA aware of SOCON's status as a corporation. Doc. 6, att. 1, p. 8. Accordingly, it asserts that PCA's removal on September 26, 2018 was untimely. *Id.* By Contrast PCA argues that in the July 10, 2018 email counsel for plaintiff "provided ambiguous information" as to whether SOCON "was a corporation or a limited liability company." Doc. 1, p. 2. It states that only when it saw Elite's reference to "shareholders," on September 17, 2018 was it unequivocally clear that SOCON Investments was not an LLC whose individual members' citizenship could have effected diversity. Doc 1, p. 8.[5]

We agree with defendant. Reference to SOCON as an "LLC" and "an Indiana S Corporation" is indeed ambiguous and accordingly the July 10, 2018, email could not serve as the

---

[5] Elite doubts the merits of this claim, arguing if PCA found the July 10, 2018 email unclear then it stands to reason it should have found the September 17, 2018, email likewise unclear. We reject this argument. As we have noted, *supra*, "the defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc.*, 72 F.3d at 494. Accordingly, this argument defendant's response to the September 17, 2018, email does not offer support that the July 10, 2018 was clear. Moreover, as a matter of practicality even if the September 17, 2018, email *was* also unclear, clearly another paper (i.e. the instant motion) has since clarified unequivocally that SOCON is in fact a corporation.

"other paper" so as to begin the delay for removal. Accordingly, PCA's removal, filed within thirty days of its receipt of the September 17, 2018 correspondence, was timely.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand [doc. 6] be **DENIED** and that all claims against defendants Eric Snelgrove, Joseph Flores, and David Martinez be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE