# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

ELITE SPECIALTY WELDING L L C        CASE NO. 2:18-CV-01269

VERSUS        JUDGE ROBERT R. SUMMERHAYS

PACKAGING CORP OF AMERICA INC ET AL    MAGISTRATE JUDGE KAY

## RULING ON OBJECTIONS

Before the court is a "Motion to Remand" (Rec. 6). The Magistrate Judge issued a Report and Recommendation[1] wherein she recommended that the Motion to Remand be denied. It also recommended that Defendants, Eric Snelgrove, Joseph Flores and David Martinez, be dismissed without prejudice. The Court issues this Ruling to address Plaintiff's objections to the Report and Recommendation.

The Court finds the Magistrate Judge appropriately exercised her discretion to pierce the pleadings in this matter. When a plaintiff has stated a claim but has misstated discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[2] The complaint alleges that defendants, Snelgrove, Flores and Martinez were mill managers for PCA. The complaint makes no specific factual allegations against any of the individual defendants. The complaint alleges the same grounds for liability against "PCA acting independently and through its managers Snelgrove, Flores and Martinez."

Defendant Snelgrove submitted a Declaration[3] wherein he declared that he was the PCA mill manager and had overall management responsibility over the mill but that he does not

---

[1] Rec. #15.
[2] *Guillory v. PPG Industries, Inc.* 434 F.3d 303 (5th Cir. 2005).
[3] Defendants' exhibit A, Rec. 11-1.

individually and directly manage projects and tasks. He further declares that the decision as to whether to drain the FCT was never delegated to him. Significantly, he had no knowledge that Elite Welders or its employees were performing work, or that that work was at or near the FCT. These facts are uncontradicted. The uncontradicted Declaration effectively negates Snelgrove's responsibility and therefore his personal duty to the welders on the day of the explosion. The undersigned is satisfied that Defendant, Snelgrove, has met his burden of proof to preclude the possibility of recovery.

Defendant Martinez submitted a Declaration[4] wherein he declared that he was a maintenance supervisor at the mill and had the primary job function to oversee repairs and mechanical maintenance of equipment, tanks and lines of the Pulp Mill, Line Kiln and Administrative Buildings at the mill. The FCT was not within the scope of his responsibility as it was part of the utilities or "powerhouse" portion of the mill. Draining and/or cleaning the FCT was not within Martinez's job responsibilities. While Martinez was aware that Elite Welders were onsite, they were not there to work on the FCT and any decisions regarding the FCT or whether to drain it were not part of Martinez's responsibilities. These facts are uncontradicted. The undersigned is satisfied that Defendant Martinez has met his burden of proof to preclude the possibility of recovery.

Defendant Flores submitted a Declaration[5] wherein he declared that at the time of the incident, he was employed as a Day Supervisor in the Pulp Mill at the PCA facility. The FCT was not part of the Pulp Mill and therefore not part of Flores' responsibilities. He had no role in any maintenance projects during this time and was never delegated with any duties regarding the FCT,

---

[4] Defendants' exhibit B, Rec. 11-2.
[5] Defendants' exhibit C, Rec. 11-3.

which was not in his work department. These facts are uncontradicted. The undersigned is satisfied that Defendant Flores has met his burden of proof to preclude the possibility of recovery.

Finally, the court agrees with the Magistrate Judge's finding that the removal was timely. Plaintiff argues that PCA could have ascertained the citizenship of Elite regardless of the ambiguity of the emails sent by Plaintiff. The Fifth Circuit has held that when relying on "other paper," it must be "'unequivocally clear and certain' to start the time limit running for a notice of removal."[6] In addition, "the defendant's subjective knowledge cannot convert a case into a removable action."[7] Until Plaintiff sent the email containing the correct information regarding it's membership, the issue of diversity was unknown. PCA's removal, filed within thirty days of its receipt of the September 17, 2018 correspondence, was therefore timely.

## CONCLUSION

Accordingly, for these additional reasons as well as those stated by the Magistrate Judge, the Report and Recommendation will be adopted, the Motion to Remand will be denied, and Defendants, Eric Snelgrove, Joseph Flores and David Martinez, will be dismissed without prejudice.

THUS DONE in Chambers on this 3rd day of June, 2019.

ROBERT R. SUMMERHAYS
UNITED STATE DISTRICT JUDGE

---

[6] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).
[7] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992))