UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELITE SPECIALTY WELDING L L C** | **CASE NO. 2:18-CV-01269** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PACKAGING CORP OF AMERICA INC ET AL** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion for Judgment on the Pleadings [doc. 52] filed by defendant Packaging Corporation of America Inc. ("PCA"). Plaintiff Elite Specialty Welding LLC ("Elite") opposes the motion. Doc. 54.

I.
BACKGROUND

This suit arises from an explosion at PCA's paper mill in DeRidder, Louisiana, on February 8, 2017. As a result several employees of Elite, who were conducting hot work in the mill, were injured or killed. Elite brought a one-count complaint against PCA on February 12, 2018, in the 36th Judicial District Court, Beauregard Parish, Louisiana, for gross negligence. Doc. 1, att. 11. It seeks compensation for the following economic losses: worker's compensation and other benefits paid to and/or on behalf of the employees injured in the explosion; property damage; investigation costs; lost profits, damages to Elite's business reputation; and costs associated with other litigation arising from the explosion. *Id.* at ¶ 9.

PCA removed the suit to this court on the basis of diversity jurisdiction.[1] Doc. 1. The matter has been continued multiple times over the last five years, due to other pending litigation by Elite employees injured in the explosion that will impact the damages sought by plaintiff in this suit. *See* doc. 31 (minutes of scheduling conference). A bench trial is currently set before the undersigned on July 15, 2024. Doc. 49. PCA now moves to dismiss Elite's claim against it, arguing that (1) Elite's alleged damages are unrecoverable consequential damages and (2) Elite cannot recover for any worker's compensation benefits because it failed to intervene in related cases. Doc. 52. Elite opposes the motion. Doc. 54.

## II.
## LAW & APPLICATION

### A. Legal Standards

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the pleadings are closed but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The court limits its inquiry to the complaint, documents attached to or incorporated into the complaint, and documents referenced in the complaint that are central to the plaintiff's claims. *Coalition for an Airline Passengers' Bill of Rights*

---

[1] Elite also named three non-diverse employees of PCA as defendants, but the court dismissed the claims against these individuals on the basis of improper joinder. Docs. 21, 22.

*v. Delta Air Lines, Inc.*, 693 F.Supp.2d 667, 675–76 (S.D. Tex. 2010) (citing *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

A Rule 12(c) motion is decided based on the same standards as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Accordingly, the court "accept[s] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "[T]he plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

### B. Application

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana circuit courts have routinely held that, under Civil Code article 2315, "recovery is limited

to the direct and proximate results of a tortfeasor's acts, and where a third party corporation suffers damages for injuries to its employee, such damage is too remote, speculative and evasive to become the subject of a direct action tort." *Berberich v. Patterson Servs., Inc.*, 2006 WL 8460340, at *4 (W.D. La. Sep. 26, 2006) (collecting cases); *accord Chaten v. Six Flags New Orleans, Inc.*, 2005 WL 1574313, at *1 (E.D. La. June 24, 2005). All of Elite's claimed damages are indirect losses flowing from the injuries inflicted on its employees.[2]

To the extent Elite seeks to recover for worker's compensation benefits paid to or on behalf of its employees, it must do so through intervention in the employees' suits. Under the Louisiana Workers' Compensation Act, an employer "may bring suit in district court" against a third party to recover worker's compensation benefits paid to or on behalf of an employee. La. R.S. § 23:1101(B). The employer must also be notified if the employee brings suit against such a third party so that the employer "may intervene as a party plaintiff in the suit." *Id.* at § 23:1102(A). Despite this permissive language, Louisiana courts have held that an employer's failure to intervene in the employee's suit after proper notice bars the employer from bringing a separate suit against the third-party tortfeasor. *Patterson v. Carvel Corp.*, 2021 WL 4047391, at *2 (W.D. La. Aug. 12, 2021), *report and recommendation adopted*, 2021 WL 4035010 (W.D. La. Sep. 3, 2021). PCA show that thirteen tort suits were filed by Elite employees or their survivors relating to this explosion, and the court takes judicial notice of these cases. *See* doc. 29, pp. 4–5. Most appear to have

---

[2] Elite cites *Koepp v. Sea-Land Services*, 645 So.2d 1269 (La. Ct. App. 4th Cir. 1994), in an attempt to distinguish this matter. There the Fourth Circuit affirmed an award of consequential damages for the pilot of a shrimping boat after the plaintiff was seriously injured in a wave swell caused by the gross negligence of defendants. *Koepp* is easily distinguishable, however, because the consequential damages were for the injured party and not his employer or any other third party.

been filed before this suit.[3] The court also takes judicial notice of Elite's failure to intervene in any of the suits removed to federal court, according to PACER records from those cases. While the court lacks access to the records of the cases currently pending in state court, Elite does not refute PCA's contention that it has not intervened in any of the related cases.

"[O]nce the employee files suit, it is jurisprudentially established that the only right the employer has is to intervene in the pending suit." *Legros v. Westlake Polymers Corp.*, 704 So.2d 876, 880 (La. Ct. App. 3d Cir. 1997). This is because the employer's action "is only incidental to the right of the employee" under Civil Code article 2315 and not a separate and distinct cause of action.[4] *Id.* Elite does not contest PCA's contention on its failure to intervene. Instead, it maintains that it has a cause of action to "recover from PCA the workers' compensation it has had to pay due to PCA's gross negligence and tortious conduct." Doc. 54, p. 6. It is without question, however, that Elite is barred from seeking reimbursement for any individual who filed suit before Elite and who properly notified Elite of its right to intervene. Accordingly, the court will grant it leave to amend and allege the identity of any specific individual for which it may seek reimbursement.

---

[3] The only outliers, *McDaniel v. PCA*, No. 2:18-cv-792 (W.D. La. June 24, 2021) and *Stallworth v. PCA*, No. 2:18-cv-440 (W.D. La. Sep. 18, 2020) were filed in the 36th Judicial District Court in March and April of 2018. Both suits settled and were dismissed with prejudice over two years ago. The court cannot gauge the exact filing date of the matters still pending in state courts, but their filing numbers indicate they were filed before this suit.

[4] Even if the employer files suit first, the employee retains his right to file a separate action. *Roche v. Big Moose Oil Field Truck Service*, 381 So.2d 396, 400–01 (La. 1980). Then, "if one of the lawsuits has to be dismissed, it makes more sense that it be that of the employer." *Id.* at 401. In this case, however, the employee suits filed after Elite's suit have already been dismissed and Elite can no longer intervene. Accordingly, the court will reserve judgment on whether Elite is also barred from seeking reimbursement for those plaintiffs.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings [doc. 52] will be **GRANTED** as to the claims for consequential damages and **DEFERRED** as to the claims for workers' compensation reimbursement. Accordingly, the claims for consequential damages will be **DISMISSED WITH PREJUDICE.** Elite will be given 30 days to amend its complaint and cure the deficiencies in its reimbursement claims; otherwise, they will be likewise be dismissed.

**THUS DONE AND SIGNED** in Chambers on the 6th day of December, 2023.

*[Signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**